**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

|  |  |  |
|---|---|---|
| **FIRST AMERICAN TITLE INSURANCE COMPANY,** | * | |
| Plaintiff, | * | Case No.: GJH-19-3233 |
| v. | * | |
| **JULIA BORNIVA,** *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff First American Title Insurance Company brought this civil action against Defendants Julia Borniva and Boris Maydanik alleging breach of contract/subrogation ("Count I") and unjust enrichment ("Count II"). ECF No. 1. Defendant Borniva filed an Answer to the Complaint on February 24, 2020. ECF No. 8. On April 21, 2020, Plaintiff filed a Motion for Order of Default as to Defendant Boris Maydanik. ECF No. 12. On May 8, 2020, Defendant Borniva filed a Third Party Complaint against All-Star Settlements, LLC and Jennifer Walters, ECF No. 13, as well as a Crossclaim against Defendant Maydanik, ECF No. 14. On May 18, 2020, Defendant Maydanik filed a Motion for Leave to File Answer to Complaint Out of Time, ECF No. 16, and he filed an Answer three days later, on May 21, 2020, ECF No. 17. He then filed a Motion for Extension of Time for Filing Answer to Crossclaim on June 8, 2020. ECF No. 23. On June 12, 2020, Defendant Borniva filed a Motion for Order of Default as to All-Star Settlements, LLC and Jennifer Walters. ECF No. 24. Third Party Defendants All-Star Settlements, LLC and Jennifer Walters filed Answers to Defendant Borniva's Third Party

Complaint on June 25, 2020. ECF No. 25; ECF No. 26. On June 29, 2020, Plaintiff filed a Motion to Amend the Complaint, adding All-Star Settlements, LLC and James Holderness as Defendants and alleging a claim of negligence ("Count III") against them. ECF No. 29. Pending before this Court are the Motions for Default against Defendant Maydanik, ECF No. 12, Third Party Defendant All-Star Settlements, ECF No. 24, and Third Party Defendant Jennifer Walters, *id.*; Defendant Maydanik's Motion for Leave, ECF No. 16; Defendant Maydanik's Motion for Extension of Time, ECF No. 23; and Plaintiff's Motion to Amend, ECF No. 29. For the following reasons, the Motions for Default are denied, and the Motion for Leave, Motion for Extension of Time, and Motion to Amend are granted.

**I.  DISCUSSION**

    **A.  Motions for Orders of Default**

Federal Rule of Civil Procedure 55 authorizes entry of default when a defendant "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Default judgments constitute a drastic remedy, and therefore, the Fourth Circuit has repeatedly admonished courts to adjudicate cases on their merits and resist entry of default judgment against a party. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 & n. 3 (4th Cir. 2010).

Here, the parties against whom default is sought have now responded, although belatedly. Third Party Defendants All-Star Settlements, LLC and Jennifer Walters filed an Answer 17 days after the original deadline and 13 days after Defendant Borniva filed the Motion for Order of Default against them. ECF No. 25; ECF No. 26. The delay in Defendant Maydanik's case was far longer—he did not respond until more than five months after the original deadline and a month after Plaintiff filed its Motion for Order of Default. ECF No. 17.

Rule 55 "makes no mention of default when a party has failed to 'timely' plead." *LaPosta v. Lyle*, 5:11CV177, 2012 WL 4464906 at * 2 (N.D.W. Va. Sept. 27, 2012). "[I]t is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days." *Mitchell v. First Cent. Bank, Inc.*, No. 2:08CV6, 2008 WL 4145451, at *2 (N.D.W. Va. Sept. 8, 2008) (denying entry of default judgment when defendant did not file an answer until ten days after time expired); *see also United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying government's motion for default judgment when the defendant did not file an answer until twenty-one days after time expired). Courts in this District also deny motions for entry of default where an untimely filing does not prejudice the moving party. *See Lopez v. NTI, LLC*, No. CV DKC 2008-1579, 2009 WL 10727666, at *1 (D. Md. Jan. 14, 2009) ("The late filing of a responsive pleading, especially when there is no prejudice, precludes the entry of default[.]"); *Dow v. Jones*, 232 F. Supp. 2d 491, 495 (D. Md. 2002) (taking into account that the moving party "suffered no substantial prejudice" as a result of the delay in filing). Additionally, in the slightly different context in which a court must determine whether to excuse an entry of default, courts are to consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

Given the Fourth Circuit's "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993), as well as the fact that all three parties against whom default was sought have since responded, the pending motions for default are denied as moot. Although the delay in the case of Defendant Maydanik was significant, because (1) there is no indication he acted in bad faith, (2) Plaintiff will not be prejudiced by the

3

late response at this stage in the proceeding, and (3) Plaintiff has not opposed Plaintiff's Motion for Leave to File the Answer Out of Time, the Court finds default inappropriate and, for the same reasons, will grant Defendant Maydanik's Motion for Leave.[1]

### B. Motion for Extension of Time

Defendant Maydanik filed a Motion for Extension of Time to file an answer to Defendant Borniva's Crossclaim on June 8, 2020, requesting an extension to July 8, 2020. ECF No. 23. Defendant Maydanik stated that Defendant Borniva consented to the extension. *Id.* at 1. As Defendant Maydanik has yet to file the Answer, the Court will grant him 14 days from the entry of this Order to do so.

### C. Motion to Amend Complaint

Plaintiff moves to amend the Complaint to add All-Star Settlements, LLC and James Holderness as Defendants and to add a claim of negligence ("Count III") against them. ECF No. 29. Federal Rule of Civil Procedure 15 states, in part: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (recognizing that motions to amend "should be granted liberally"). The Fourth Circuit has held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "A motion to amend should

---

[1] The Court cautions Defendant Maydanik that mere ignorance of the litigation process is not an excuse, especially given the clear instructions in the Summons, stating "[w]ithin 21 days after service of this summons on you (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." ECF No. 4-1 at 1; *see also* ECF No. 11 (affidavit of service); *cf.* ECF No. 16-1 at 4 ("Defendant did not know the process of a lawsuit, that being served with a Complaint meant filing an Answer in response."). However, because it appears that Defendant Maydanik was under the mistaken impression that counsel for Julia Borniva would also be filing an Answer on his behalf, the Court does not find he acted in bad faith and will permit his late Answer. *See* ECF No. 16-1 at 4 ("Defendant did not understand the necessity of it in litigation and ultimately thought counsel, Keith Havens, would take care of it. Once Defendant was informed that he needed to file an Answer himself, he quickly sought out undersigned counsel.").

be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citations omitted). However, "'[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief" and the plaintiff moves to amend, the Court should grant the motion to give the plaintiff 'opportunity to test his claim on the merits.'" *Crump v. Montgomery Cty. Bd. of Educ.*, No. PWG-12-3378, 2013 WL 5797362, at *4 (D. Md. Oct. 25, 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Good cause exists for amending a complaint after the scheduling order deadline when "at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010).

Plaintiff seeks to add as Defendants All-Star Settlements, LLC and James Holderness, an All-Star employee that Plaintiff asserts conducted the closing of the loan transaction at issue in this case. ECF No. 29 at 1–2. Plaintiff's amendment of the Complaint comes nearly two months after Defendant Borniva filed the Third Party Complaint against All-Star Settlements, LLC. *See* ECF No. 13. Nevertheless, because this case is still at an early stage—no scheduling order has been issued and discovery has yet to begin—and the Court finds All-Star Settlements, LLC and James Holderness will not be prejudiced by their addition as defendants in this proceeding, Plaintiff's Motion to Amend is granted.

## II. CONCLUSION

Accordingly, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Plaintiff's Motion for Entry of Default, ECF No. 12, is **DENIED**;
2. Defendant Borniva's Motion for Entry of Default, ECF No. 24, is **DENIED**;

3. Defendant Maydanik's Motion for Leave, ECF No. 16, is **GRANTED**;

4. Defendant Maydanik's Motion for Extension of Time, ECF No. 23, is **GRANTED**, and Defendant Maydanik **SHALL** file an Answer to Defendant Borniva's Crossclaim within **14 DAYS** of the issuance of this Order; and

5. Plaintiff's Motion to Amend, ECF No. 29, is **GRANTED**.

Date: <u>January 26, 2021</u>               <u>      /s/                         </u>
                                            GEORGE J. HAZEL
                                            United States District Judge