**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **FIRST AMERICAN TITLE INSURANCE COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | | **Case No.: GJH-19-3233** |
| | * | |
| **JULIA BORNIVA,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

In this action, Plaintiff First American Title Insurance Company brings breach of
contract, unjust enrichment, negligence, and indemnification claims against Defendants Julia
Borniva, Boris Maydanik, All-Star Settlements, LLC ("All Star"), and James Holderness. ECF
No. 45. Now pending before the Court is Plaintiff's Motion for Sanctions against Defendant
James Holderness. ECF No. 56. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For
the following reasons, the Motion is denied.[1]

I.      **BACKGROUND**

This Court provided more detailed background regarding this litigation in a previous
Memorandum Opinion. *See* ECF No. 34.[2] In summary, Plaintiff First American brings breach of

---

[1] This Motion for Sanctions is also against Defendant Maydanik, *see* ECF No. 56, and a separate Motion for
Sanction has been filed against Defendant Borniva, *see* ECF No. 57. Defendants Maydanik and Borniva are now co-
debtors in a Chapter 13 Bankruptcy action, ECF Nos. 67, 68, and this case will be stayed as to both. The Motion for
Sanctions are denied as moot as to those defendants. The denial is without prejudice to Plaintiff refiling upon lifting
of the stay.

[2] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers
generated by that system.

contract and unjust enrichment claims against Defendants Maydanik and Borniva, a negligence claim against Defendant Holderness, and an indemnification claim against Defendants All Star and Holderness. ECF No. 45. A Scheduling Order was issued on August 5, 2021. ECF No. 49. The discovery deadline was set for February 22, 2022. *Id.* at 2.

On November 17, 2021, Plaintiff filed a Motion for Sanctions against Defendants Boris Maydanik and Holderness. ECF No. 56. Plaintiff alleged that it had served discovery requests on both Maydanik and Holderness, and the requests went unanswered. *Id.* at 2. On November 30, 2021, Plaintiff filed the Motion for Sanctions against Defendant Borniva, alleging that Borniva had also failed to answer discovery requests. ECF No. 57. Defendant Borniva responded in opposition to the Motion for Sanctions on December 8, 2021. ECF No. 59.

On December 20, 2021, every party except Defendant Maydanik consented to a joint Motion to Modify the Scheduling Order to allow additional time for discovery in light of mediation. ECF No. 60 at 2. The parties proposed that the discovery deadline be extended by four months to May 22, 2022. *Id.*

The Court granted the Motion to Modify the Scheduling Order. ECF No. 63. The Court also granted the request of Defendant Maydanik's counsel to withdraw from the case. *See* ECF Nos. 52, 58. In addition, the Court ordered Defendants Maydanik and Holderness, who had not yet replied to the Motion for Sanctions, to reply. The Court also ordered Defendant Maydanik to inform the Court if he would be proceeding *pro se* or if a new attorney would make an appearance for him. Defendant Holderness then replied to the Motion for Sanctions. ECF No. 66.

On February 28, 2022, Plaintiff filed the Suggestion of Bankruptcy, informing the Court that Defendant Maydanik is a debtor in a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Maryland. ECF No. 67 (citing *In re Boris Maydanik*, No.

21-15137). Plaintiff asserts that the case should be stayed as to Defendant Maydanik.[3] On March 1, 2022, Plaintiff filed the Notice of Stay. ECF No. 68. Plaintiff informed the Court that because Defendant Borniva is a "co-debtor" on a consumer debt with Maydanik, the stay is likely applicable to Defendant Borniva as well. *Id.* at 1.[4]

## II.    DISCUSSION

Federal Rule of Civil Procedure 37 addresses the failure to respond to a discovery order. Pursuant to Rule 37(d)(1)(A)(ii), the "court where the action is pending may, on motion, order sanctions" if a "party, after being properly served with interrogatories . . .  fails to serve its answers, objections, or written response." The Court has broad discretion when determining whether to impose sanctions. *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Possible sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[3] The bankruptcy code's automatic stay provision "'operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial administrative, or other action or proceeding against the debtor.'" *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 18-cv-3460-PX, 2020 WL 758151, at *4 (D. Md. Feb. 14, 2020), *reconsideration denied*, 2020 WL 1064810 (D. Md. Mar. 5, 2020) (citing 11 U.S.C. § 362(a)). Thus, this case is stayed as to Maydanik.

[4] The automatic stay provision "is generally said to be available only to the debtor, not third-party defendants or co-defendants." *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). However, "Chapter 13 specifically authorizes the stay of actions against co-debtors." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (citing 11 U.S.C. § 1301(a)). Pursuant to Section 1301(a), a "creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor[.]" A co-debtor stay is "automatic" as of the filing of the petition, "'regardless of whether the other parties to a stayed proceeding are aware[.]'" *Patti v. Fred Ehrlich, PC*, 304 B.R. 182, 186 (E.D. Pa. 2003) (quoting *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995)). Thus, this case is stayed as to Borniva as well.

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an

order to submit to a physical or mental examination.

*Laios v. MTM Builder/Dev. Inc.*, No. 13-cv-2953-GJH, 2014 WL 6066017, at \*2–3 (D. Md. Nov. 12, 2014) (quoting Fed. R. Civ. P. 37(b)(2)(A)).

The Court considers four factors in deciding whether to sanction a party and what sanction would be appropriate: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that non-compliance caused the other party; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Paice, LLC v. Hyundai Motor Co.*, No. 12-cv-499-WDQ, 2015 WL 302757, at \*3 (D. Md. Jan. 22, 2015) (citing *Southern States Rack and Fixture, Inc. v. Sherwin William, Co.*, 318 F.3d 592, 597 (4th Cir. 2003)); *see also Coleman v. Calvert Cty.*, No. 15-cv-0920-GJH, 2017 WL 1483436, at \*2 (D. Md. Apr. 24, 2017).

Plaintiff moves for sanctions against Defendant Holderness pursuant to Rule 37(d). ECF No. 56 at 2. Plaintiff requests an entry of default judgment against Defendant Holderness and an order preventing Holderness from opposing or raising defenses to its claims, including for damages. *Id.* at 2, 3.

Plaintiff alleges that it served Interrogatories and Request for Production of Documents on Holderness on August 13, 2021. ECF No. 56 ¶ 1; *see also* ECF No. 56-2. Plaintiff also emailed the requests to counsel. ECF No. 56-3. The responses were due on September 13, 2021. ECF No. 56 ¶ 2. On September 24, 2021, Plaintiff's counsel inquired as to the status of the

responses and asked if Holderness needed an extension. *See id.* ¶ 3; *see also* ECF No. 56-4. On October 8, 2021, Plaintiff's counsel again inquired about the responses and asked for the responses to be provided within ten days. *See id.* ¶ 4.

Plaintiff asserts that, as of the filing of the Motion for Sanctions on November 17, 2021, Holderness's responses had not been received. *Id.* ¶ 5. In December 2021, the parties agreed to an extension of the discovery schedule, ECF No. 60, which this Court granted, ECF No. 63. The new discovery deadline then became May 22, 2022. *See* ECF No. 60 at 1.

For his part, Defendant Holderness informs the Court that he provided the requested responses on February 24, 2022, two days after the initial discovery deadline. ECF No. 66 at 1. He asserts that there is no prejudice to Plaintiff because of the delay, that Plaintiffs are not prevented from submitting additional requests, and that he will avoid delays as the litigation progresses. *Id.*

This Court looks to whether there is bad faith, prejudice, the need for deterrence, and the appropriate sanctions. *See Anderson v. Foundation for Advancement, Educ. and Empl. Of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

The failure to comply with the basic rules of discovery will often be seen as evidencing at least some degree of bad faith. *See Coleman*, 2017 WL 1483436, at *2 (noting that the plaintiff had acted in bad faith when he failed to appear for his deposition and provided inadequate and incomplete discovery responses). It is undisputed that Holderness was delayed in providing discovery responses.

This Court has noted that "added expenses, aggravation, and unnecessary delay . . . from Defendants' repeated failures to comply with the discovery rules" can constitute prejudice. *Laios*, 2014 WL 6066017, at *3 (citing *Parks v. Huff*, 955 F.2d 42 (4th Cir. 1992) (stating that

expense and time lost constitute prejudice)). To show prejudice, it suffices that Holderness's

delay meant that Plaintiff's counsel had to repeatedly contact Holderness for status updates,

which went unanswered. However, the extent of prejudice is nominal at this point. Plaintiff has

not asserted any specific allegations of prejudice, and this Court has noted that "additional time

and resources" spent on a case, without more, generally constitutes "minimal" prejudice.

*Coleman*, 2017 WL 1483436, at *2 (D. Md. Apr. 24, 2017) (citing *Bradshaw v. Vilsack*, 286

F.R.D. 133, 141 (D.D.C. 2012) (finding no actual prejudice to defendant's case where plaintiff

had delayed discovery, but defendants made no showing that they could not present their case)).

Next, a party's "indifference to discovery deadlines" warrants deterrence. *See Laios*,

2014 WL 6066017, at *4. Holderness's responses were submitted after the initial discovery

deadline. *See* ECF No. 49. Holderness also failed to respond to the Motion for Sanctions until

ordered to do so. *See* ECF No. 63. However, the parties agreed to extend the discovery deadline

by four months. ECF No. 60. In addition, Holderness notes in his response that he "will avoid

delay as this matter proceeds." ECF No. 66 ¶ 6.

The need for deterrence is less here. Holderness has not displayed a pattern of "dilatory

behavior," and he has submitted responses well within the extended discovery schedule.

*Compare Camper*, 200 F.R.D. at 518 (collecting cases for the proposition that courts impose

severe sanctions to deter dilatory behavior); *Uribe v. Aaron's, Inc.*, No. 14-cv-0022-GJH, 2014

WL 5797795, at *3 (D. Md. Nov. 5, 2014) (noting that "there is substantial need for deterrence"

when "Plaintiffs have already demonstrated their propensity for neglecting discovery

deadlines.").

Because there is some evidence of bad faith, prejudice, and the need for deterrence, this

Court must determine what the appropriate sanction is. "The proper sanction under Fed. R. Civ.

P. 37(b) for a party's failure to obey a court order regarding discovery should be no more severe than is necessary to prevent prejudice to the other party." *Laios*, 2014 WL 6066017, at *4 (citing *Wilson v. Volkswagon of American, Inc.*, 561 F.2d 494, 504 (4th Cir. 1977)). "Thus, the court focuses on the extent to which one party's failure to respond to discovery impaired the other party's ability to prosecute or defend when sanctioning a party for the failure to obey a court order. Precluding evidence typically requires some strong evidence of prejudice." *Id.*

Plaintiff asks for a severe sanction: an entry of default judgment. The Fourth Circuit has emphasized the importance of warning a party prior to imposing such a drastic sanction. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (noting that "this court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction. As we recently noted in a slightly different context, a party 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction.") (quoting *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993)). Thus, this Court declined to dismiss a case even when the plaintiffs had a "history of flouting various discovery deadlines and obligations" because the plaintiffs had not "had adequate warning about the possibility of dismissal for their failure to adhere to discovery deadlines and obligations." *Uribe*, 2014 WL 5797795, at *4.

This is not an appropriate case for the entry of default judgment. Holderness has not displayed a pattern of dilatory action, there is only evidence of minimal prejudice to Plaintiff, and the parties agreed to extend the discovery deadline by four months. Holderness communicated his understanding that he had been late in initially responding to Plaintiff, and he also noted that he would avoid further delay in this case. This Court finds that sanctions, beyond

an admonition to Defendant Holderness to comply with future deadlines, are not warranted at this time. *See, e.g.*, *Coleman*, 2017 WL 1483436, at *2 (finding that "amending the Scheduling Order and issuing further admonitions to Plaintiff is sufficient at this juncture."). However, Defendant Holderness is warned that failure to comply with deadlines in the future, as well as any other dilatory action, could result in sanctions.

## III.    CONCLUSION

For the reasons discussed, the Motion for Sanctions against Defendant Holderness is denied. In addition, this action is now stayed as to Defendant Maydanik and Defendant Borniva, and the Motions for Sanctions are denied against them, without prejudice to a re-filing of these Motions upon lifting of the stay. A separate Order follows.

Dated:  March     8, 2022          /s/_____
                                   GEORGE J. HAZEL
                                   United States District Judge