**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **FIRST AMERICAN TITLE INSURANCE** | | |
| **COMPANY,** | * | |
| | | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-19-3233** |
| | * | |
| **JULIA BORNIVA,** *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff First American Title Insurance Company brings breach of contract, unjust enrichment, negligence, and indemnification claims against Defendants Julia Borniva, Boris Maydanik, All-Star Settlements, LLC ("All Star"), and James Holderness. ECF No. 45. Pending before the Court are Defendant Maydanik's Motion to Appoint Counsel, ECF No. 69, and Plaintiff's Motion for Sanctions against Defendant Maydanik. ECF No. 77. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant Maydanik's Motion is denied, and Plaintiff's Motion is granted in part and denied in part.

## I.    BACKGROUND

The Court has provided a more detailed background regarding this litigation in two previous Memorandum Opinions. *See* ECF No. 34; *see* ECF No. 70. In summary, Plaintiff First American brings breach of contract and unjust enrichment claims against Defendants Maydanik and Borniva, a negligence claim against Defendant Holderness, and an indemnification claim against Defendants All Star and Holderness. ECF No. 45.

1

Plaintiff states that they sent interrogatories to Defendant Maydanik on August 12, 2021, and responses were due on September 13, 2021. ECF No.77 at 1.[1] Plaintiff then inquired about the status of the responses on September 24, 2021, and received no response. *Id.* Plaintiff sent another inquiry on October 8, 2021, along with a request that responses be provided within ten days and received no response. *Id.*

On November 17, 2021, Plaintiff filed a Motion for Sanctions against Defendants Boris Maydanik and Holderness. ECF No. 56. Plaintiff alleged that it had served discovery requests on both Maydanik and Holderness, and the requests went unanswered. *Id.* at 2.

On December 20, 2021, every party except Defendant Maydanik consented to a joint Motion to Modify the Scheduling Order to allow additional time for discovery in light of mediation. ECF No. 60 at 2. The parties proposed that the discovery deadline be extended by four months to May 22, 2022. *Id.*

The Court granted the Motion to Modify the Scheduling Order, ordered Defendants Maydanik and Holderness to respond to the Motion for Sanctions within ten days, and granted Defendant Maydanik's attorney permission to withdraw. ECF No. 63. The Court ordered Defendant Maydanik to inform the Court if he would be proceeding pro se or if a new attorney would make an appearance for him. *Id.* Defendant Holderness then replied to the Motion for Sanctions, ECF No. 66, and Defendant Maydanik did not.

On February 28, 2022, Plaintiff filed a Suggestion of Bankruptcy, informing the Court that Defendant Maydanik is a debtor in a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Maryland. ECF No. 67 (citing *In re Boris Maydanik*, No. 21-15137). On March 1, 2022, Plaintiff filed a Notice of Stay. ECF No. 68. Plaintiff informed

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the Court that because Defendant Borniva is a co-debtor on a consumer debt with Maydanik, the stay is likely applicable to Defendant Borniva as well. *Id.* The Court granted the stay as to Defendants Maydanik and Borniva, and denied, without prejudice Plaintiff's Motion for Sanctions against them. ECF No. 71. While the bankruptcy stay was pending, on March 4, 2022, Defendant Maydanik filed a Motion to Appoint Counsel. ECF No. 69.

On May 6, 2022, due to the bankruptcy stay, the parties (excluding Borniva and Maydanik) proposed a discovery extension to September 22, 2022. ECF No. 72.

On July 7, 2022, Plaintiff filed a Motion to lift the stay after the bankruptcy proceedings had been dismissed. ECF No. 74. This Court granted the discovery extension and lifted the stay on September 2, 2022. ECF Nos. 75, 76.

On September 2, 2022, Plaintiff wrote to Maydanik advising him that his discovery responses were overdue, he should provide responses within ten days and that Plaintiff would seek a default judgment if the responses were not provided. ECF No. 77 at 2. Maydanik did not provide responses.

Plaintiff then refiled the instant Motion for Sanctions against Defendant Maydanik. ECF No. 77.

## II.    DISCUSSION

The Court will first discuss Defendant Maydanik's Motion to Appoint Counsel and then turn to Plaintiff's Motion for Sanctions.

### A.  Motion to Appoint Counsel

Defendant Maydanik's Motion to Appoint Counsel, filed on March 4, 2022, must be denied as it fails to show exceptional circumstances. "A federal district court's power to appoint counsel in civil actions under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be

3

considered where an indigent claimant presents exceptional circumstances." *Braude v. Vilnyanskaya*, No. CV ELH-17-364 2017 WL 2131855, at *1 (D. Md. May 17, 2017) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987)). "The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant." *Id.* (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds* by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)). "Exceptional circumstances exist where a pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant*, 739 F.2d at 163.

Defendant Maydanik is requesting appointed counsel because "he is not in a position to proceed with [his] defense in this case without the assistance of a lawyer" and he "cannot hire a lawyer by other means because [his] personal income is $1,142 a month." ECF No. 69. Maydanik has also attached a copy of his social security income. ECF No. 69-1. However, until August 2021, Defendant Maydanik was represented by counsel. *See* ECF Nos. 52, 58. That Counsel was retained on or about May 15, 2020. ECF No. 16-1 at 1. Defendant Maydanik has provided no information or explanation as to why after a year of ongoing litigation, he fired his attorney. Moreover, Maydanik has not disputed the claims of his previous attorneys who, in its motion to withdraw as counsel, provided emails from Maydanik in which Maydanik stated that he "hired another attorney to represent him 3 months ago." ECF No. 58-2 at 1. Therefore, Maydanik has failed to present exceptional circumstances to show this Court why he should be appointed counsel. *See Braude*, 2017 WL 2131855, at *1 (no exceptional circumstances where defendant did not explain how she was previously able to retain counsel, nor why she immediately discharged that counsel). As such, the Court will deny Maydanik's Motion to Appoint Counsel.

### B.  Motion for Sanctions

Federal Rule of Civil Procedure 37 addresses the failure to respond to a discovery order. Pursuant to Rule 37(d)(1)(A)(ii), the "court where the action is pending may, on motion, order sanctions" if a "party, after being properly served with interrogatories ... fails to serve its answers, objections, or written response." The Court has broad discretion when determining whether to impose sanctions. *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Possible sanctions include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Laios v. MTM Builder/Dev. Inc.*, No. 13-cv-2953-GJH, 2014 WL 6066017, at *2–3 (D. Md. Nov. 12, 2014) (quoting Fed. R. Civ. P. 37(b)(2)(A)).

Plaintiff moves for sanctions against Defendant Maydanik pursuant to Rule 37(d). ECF No. 77 at 1. Plaintiff requests:

an entry of default judgment against Defendant Maydanik and an Order permitting First American to submit proof of its damages for entry of a judgment against Maydanik; an Order preventing Maydanik from opposing, or raising any defenses to First American's claims, including damages; or an Order compelling

> Maydanik to provide discovery responses within ten days of the Court's Order
> and warning Maydanik that failure to do so could result in a default judgment; and
> awarding Plaintiff such further relief as the Court deems appropriate.

ECF No. 77 at 3–4. The Court considers four factors in deciding whether to sanction a party and what sanction would be appropriate: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that non-compliance caused the other party; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *See Anderson v. Found. for Advancement, Educ. and Empl. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Paice, LLC v. Hyundai Motor Co.*, No. 12-cv-499-WDQ, 2015 WL 302757, at *3 (D. Md. Jan. 22, 2015) (citing *S. States Rack and Fixture, Inc. v. Sherwin William, Co.*, 318 F.3d 592, 597 (4th Cir. 2003)); *see also Coleman v. Calvert Cty.*, No. 15-cv-0920-GJH, 2017 WL 1483436, at *2 (D. Md. Apr. 24, 2017).

### 1. Bad Faith

The failure to comply with the basic rules of discovery will often be seen as evidencing at least some degree of bad faith. *See Coleman*, 2017 WL 1483436, at *2 (noting that the plaintiff had acted in bad faith when he failed to appear for his deposition and provided inadequate and incomplete discovery responses). *See also McFeeley v. Jackson St. Ent.*, LLC, DKC–12–1019, 2014 WL4182231, at *2 (D. Md. Aug. 19, 2014) ("[p]laintiff's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith."). It is undisputed that Maydanik has failed to provide discovery responses, even ignoring the Court's Orders to respond.

### 2. Prejudice

This Court has noted that "added expenses, aggravation, and unnecessary delay ... from Defendants' repeated failures to comply with the discovery rules" can constitute prejudice.

*Laios*, 2014 WL 6066017, at *3 (citing *Parks v. Huff*, 955 F.2d 42 1992 WL 21363, at *2 (4th Cir. 1992)) (stating that expense and time lost constitute prejudice). There is no doubt that Maydanik's failure to provide discovery responses has affected the progression of the case. Plaintiff asserts that they are "unable to investigate Mr. Maydanik's defenses" and they have "incurred additional expenses in attempting to obtain discovery responses from Mr. Maydanik through Mr. Maydanik himself and this Court." ECF No. 77 at 3. *See Allen v. One Stop Staffing, LLC*, No. 1:19-CV-02859-ELH, 2021 WL 4272328, at *3 (D. Md. Sept. 21, 2021), *report and recommendation adopted as modified,* No. CV ELH-19-2859, 2021 WL 8315004 (D. Md. Oct. 13, 2021) ("[p]laintiff's failure to participate in the case has clearly prejudiced Defendant. There has been no discovery as a result of Plaintiff's unresponsiveness, and 'it cannot be disputed that plaintiff's failure to answer even a single interrogatory precludes defendant from preparing a defense.'"). (Quoting *Robertson v. Deco Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010)). Defendant Maydanik has failed to provide discovery responses to requests that were made to Maydanik prior to his counsel withdrawing, and prior to his filing of bankruptcy, and those responses were requested again after the discovery deadline had been extended and Maydanik still failed to respond. This is sufficient to find that Plaintiff was prejudiced.

### 3. Deterrence

A party's "indifference to discovery deadlines" warrants deterrence. *See Laios*, 2014 WL 6066017, at *4. As indicated above, Maydanik has failed to provide responses in accordance with any of the discovery deadlines, and he has ignored this Court's Order to provide responses. *See Uribe v. Aaron's, Inc.,* No. 14-cv-0022-GJH, 2014 WL 5797795, at *3 (D. Md. Nov. 5, 2014) (noting that "there is substantial need for deterrence" when "Plaintiffs have already

demonstrated their propensity for neglecting discovery deadlines."). The strong need for deterrence is clear.

### 4. Appropriate Sanctions

Because there is clear evidence of bad faith, prejudice, and the need for deterrence, this Court must determine what the appropriate sanction is. "The proper sanction under Fed. R. Civ. P. 37(b) for a party's failure to obey a court order regarding discovery should be no more severe than is necessary to prevent prejudice to the other party." *Laios, 2014 WL 6066017*, at \*4 (citing *Wilson v. Volkswagon of Am., Inc.*, 561 F.2d 494, 504 (4th Cir. 1977)). "Thus, the court focuses on the extent to which one party's failure to respond to discovery impaired the other party's ability to prosecute or defend when sanctioning a party for the failure to obey a court order. Precluding evidence typically requires some strong evidence of prejudice." *Id.*

Plaintiff asks for a severe sanction: an entry of default judgment. The Fourth Circuit has emphasized the importance of warning a party prior to imposing such a drastic sanction. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (noting that "this court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction. As we recently noted in a slightly different context, a party 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction.") (quoting *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993)). Thus, this Court declined to dismiss a case even when the plaintiffs had a "history of flouting various discovery deadlines and obligations" because the plaintiffs had not "had adequate warning about the possibility of dismissal for their failure to adhere to discovery deadlines and obligations." *Uribe*, 2014 WL 5797795, at \*4.

At this time, default judgment is too severe a sanction where the Court has yet to inform Defendant Maydanik that he may face default judgment should he remain unresponsive. However, the consistent failure of Maydanik to respond to discovery requests or to follow the Court's Order warrants some sanctions. Maydanik will be ordered to provide Plaintiff with complete discovery responses within ten days of the Court's Order and Plaintiff shall file a status report with the Court advising whether Defendant Maydanik has complied. Should Maydanik fail to respond, the Court may at its discretion enter default judgment against Defendant Maydanik. *See, e.g., Coleman*, 2017 WL 1483436, at *2 (finding that "amending the Scheduling Order and issuing further admonitions to Plaintiff is sufficient at this juncture.").

## III.    CONCLUSION

For the foregoing reasons, Defendant Maydanik's Motion is denied, and Plaintiff's Motion is granted in part and denied in part. A separate Order follows.

Date: <u>February 13, 2013</u>                    _____/s/_____
                                                                GEORGE J. HAZEL
                                                                United States District Judge